IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHARLES A. HELTON and<br>ALLEN DALE COLE,<br><br>    Plaintiffs,<br><br>vs.<br><br>CHATTANOOGA POLICE DEPARTMENT<br>and MARK BENDER, individually and<br>in his capacity as an officer for the<br>Chattanooga Police Department,<br><br>    Defendants. | Case No.: 1:05-cv-357<br><br>COLLIER/CARTER |

## REPORT AND RECOMMENDATION

Defendants Chattanooga Police Department and Mark Bender, individually and in his official capacity, by and through counsel, have moved that this case be dismissed or, in the alternative, that defendants be granted a motion to compel discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure and to extend the dispositive motion deadline (Doc. 7). Defendants assert plaintiffs have failed to comply with the Scheduling Order entered on March 27, 2006. All discovery, including the taking of depositions, was to be completed in this cause by January 22, 2007. The plaintiffs have failed to appear for their depositions on three (3) separate occasions and have failed to respond to written discovery requests. On February 8, 2007, a notice was sent setting a hearing on this motion for Friday, March 2, 2007, at 9:00 am. Plaintiffs did not appear for the hearing on the motion to dismiss and to compel.

The Federal Rules of Civil Procedure, Rules 37(b)(2)(c) and 37(d) provide that the Court may dismiss a civil action as a sanction for a party refusing to comply with court orders and discovery. In deciding whether to dismiss a complaint under Fed. R. Civ. P. 37(b)(2)(c) and 37(d), a court must consider the following factors: (1) whether the failure to comply is due to wilfulness, bad

1

faith, or fault; (2) whether the defendants have been prejudiced by the plaintiffs' misconduct; (3) whether the plaintiffs have been fairly warned that their failure to cooperate in discovery and failure to comply with court orders could lead to dismissal of their complaint with prejudice; and (4) whether less drastic sanctions should be imposed or considered before dismissal is ordered. *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002); *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997).  For these reasons, I RECOMMEND[1] that the District Court issue a show cause order for plaintiffs to show cause why this case should not be dismissed for failure to prosecute.

                                                            s/William B. Mitchell Carter
                                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).