UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

CHARLES A. HELTON and )
ALLEN DALE COLE, )
 )
    *Plaintiffs*, )
v. ) No. 1:05-CV-357
 )
CHATTANOOGA POLICE DEPARTMENT, ) Judge Curtis L. Collier
and MARK BENDER, individually and )
in his capacity as an officer for the )
Chattanooga Police Department, )
 )
    *Defendants*. )

## **O R D E R**

Before the Court is *pro se* Plaintiff Charles A. Helton's ("Plaintiff") motion to set aside the Court's Order, which was entered April 10, 2007, dismissing this case (Court File No. 13). On March 19, 2007, the Court ordered *pro se* Plaintiffs Charles A. Helton and Allen Dale Cole ("Plaintiffs") to show cause within ten (10) days why the Court should not dismiss this lawsuit for failure to prosecute (Court File No. 11). As of April 4, 2007, Plaintiffs had not complied with the Court's Order. Therefore, the Court entered an Order dismissing the case for failure to prosecute ("Order") (Court File No. 12).

The Court dismissed Plaintiffs' case pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") for failure to prosecute. Rule 41(b) provides, "unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits." FED. R. CIV. P. 41(b); *see also Mason v. Ogden Allied Aviation Services Corp*., No. 94-4036, 1995 WL 608166, *3 (6th Cir. Oct. 16, 1995)(citing several cases for this proposition). The Court did not specify otherwise; therefore its Order is a final judgment on the merits.

Plaintiff requests the Court to alter, amend, or set aside this judgment and reinstate his case. As cause, Plaintiff asserts he has not been receiving his mail, he did not receive notice of any hearings scheduled in this matter, and he has suffered many hardships during the past few months.[1] Plaintiff also requests oral argument before this Court concerning his motion.

Plaintiff does not cite any law in support of his motion. Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") authorizes motions to alter or amend a judgment if filed within ten days after entry of the judgment. The judgment was entered on April 10, 2007 and Plaintiff filed his motion on April 25, 2007. More than ten (10) days elapsed after entry of the judgment; accordingly, Plaintiff may not rely upon Rule 59(e). Under Federal Rule of Civil Procedure 60 ("Rule 60"), a court has discretion to provide relief from a judgment or order upon a showing of cause within a reasonable time. Rule 60(a) addresses clerical errors. Rule 60(b) addresses all other bases for reconsideration:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). With regard to the catch-all provision of Rule 60(b)(6), the United States

---

[1] Plaintiff asserts he appeared in Court on March 23rd for a hearing; however, there was not a hearing scheduled for that date. The only hearing scheduled in this case since the scheduling conference was the hearing on Defendants Chattanooga Police Department and Mark Bender's motion to dismiss or in the alternative motion to compel, which was held on March 2, 2007. Neither Plaintiff appeared at this scheduled hearing.

2

Court of Appeals for the Sixth Circuit has stated:

> Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. Courts, however, must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present.

*Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citations and quotation marks omitted).

Motions to reconsider under Rule 60(b) are "opportunit[ies] for [the district court] to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions are addressed to the sound discretion of the district court, which must balance the ends of justice with public interest in the finality of the court's decisions. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999); *Aetna Cas. & Sur. Co. v. Home Ins. Co.*, 882 F. Supp. 1355, 1356 (S.D.N.Y. 1995). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). "[A] Rule 60(b) motion is not a substitute for an appeal." *Kai Wu Chan v. Reno*, 932 F. Supp. 535, 539 (S.D.N.Y. 1996).

Plaintiff has not provided the Court with sufficient reason, pursuant to Rule 60, to alter, amend, or set aside its previous Order dismissing this case. Plaintiff seems to focus on his alleged lack of notification indicating that he cannot respond or appear without notice. The Clerk's office forwards documents filed in the CM/ECF system to any party through regular mail who does not receive notice electronically. In his motion Plaintiff states his address is "223 Cherokee Road, Spencer, Tennessee 38585" (Court File No. 13). The docket indicates Plaintiff's address is "227

Cherokee Road, Spencer, Tennessee 38585" and throughout the pendency of this case, Plaintiff has received notice at this address.[2] For example, Plaintiff received notice of the scheduling conference, which was held on March 27, 2006, as Plaintiff made an appearance at that conference (Court File No. 4). Additionally, Plaintiff obviously received notice of the Order dismissing this case, which lead to his filing of the instant motion.

If, in fact, Plaintiff's address has changed, it is his responsibility to notify the Court. Pursuant to Local Rule of the Eastern District of Tennessee 83.13:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. Notification of a change of address must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties within ten (10) days of the change of address. In addition, a party appearing for himself/herself shall sign his/her pleadings and include his/her address and telephone number. The failure of a *pro se* plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action. Parties proceeding *pro se* shall be expected to be familiar with and follow the *Federal Rules of Civil Procedure* and these rules.

Plaintiff has not filed notice with the Clerk that his address has changed as required by Local Rule 83.13; therefore, the Court finds Plaintiff is deemed to have received notice of every docket entry in this case, including but not limited to, Court File No. 9 (notice of the hearing on Defendants Chattanooga Police Department and Mark Bender's motion to dismiss or in the alternative motion to compel), Court File No. 10 (Magistrate Judge Carter's Report and Recommendation concerning Defendants' motion to dismiss), Court File No. 11 (the Court's Order adopting the Report and Recommendation and ordering Plaintiffs to show cause why their case should not be dismissed for failure to prosecute within ten days), and Court File No. 12 (the Judgment Order dismissing

---

[2] Additionally, the State court summons and notice of removal indicate this is Plaintiff's address (Court File No. 1).

Plaintiffs' case for failure to prosecute). In his motion, Plaintiff states Plaintiff Allen Dale Cole has been incarcerated since January 21, 2007 and has also not received any notification concerning this case and its dismissal. If Mr. Cole's address has changed, it is likewise his responsibility to notify the Clerk of the Court. The docket does not reflect a notice of change of address for Mr. Cole; therefore, he is also deemed to have received notice of every docket entry in this case.[3]

Plaintiff has not provided the Court with any evidence of mistake, excusable neglect, newly discovered evidence, fraud, or other misconduct, evidence that the judgment is void or has been satisfied, released, or discharged, or any other exceptional or extraordinary circumstances which would justify relief from the operation of the judgment. Additionally, the Court does not find oral argument is necessary in connection with Plaintiff's motion. Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's motion to alter, amend, or set aside the Order dismissing this case (Court File No. 13).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] Additionally, the Court notes that Plaintiffs were not diligent in prosecuting their case as the last filing on the docket (previous to the instant motion) with either of the Plaintiffs' input and/or signature is the Report of the Parties' Discovery Planning meeting which was filed a year ago in April 2006 (Court File No. 5).